UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION

| | |
|---|---|
| JENNIFER BREWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. |
| | ) |
| BRAKE PARTS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Jennifer Brewer ("Brewer"), by counsel, brings this action against Defendant, Brake Parts, Inc. ("Defendant") alleging violations of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 et seq., American with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq. and Kentucky Revised Statute ('KRS") 344.010 et. seq.

**II. PARTIES**

2. Brewer is a resident of Lincoln County in the Commonwealth of Kentucky, who at all times relevant to this action resided within the geographical boundaries of the Eastern District of Kentucky.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Eastern District of Kentucky.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation

pursuant to 28 U.S.C. §1331 and 29 U.S.C. §2617(a)(2).

5. Brewer's state law claim arises from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 29 U.S.C. §2611(4), 42 U.S.C. § 12111(5)(A) and KRS344.030(2).

7. Brewer, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

8. Brewer, at all times relevant, was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and KRS344.030(5).

9. Brewer has a "disability" as that term is defined by 42 U.S.C. § 12102(2) and KRS 344.010(4).

10. Brewer is a "qualified individual with a disability" as defined by 42 U.S.C. § 12111(8) and KRS 344.040(1).

11. Brewer exhausted her administrative remedies by timely filing a charge of discrimination against Defendant with the Equal Employment Opportunity Commission, claiming discrimination based on disability, and filing this complaint within ninety days of receipt of her Notice of Right to Sue.

12. The events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Eastern District of Kentucky, thus venue is proper in this Court.

## IV. Factual Allegations

13. Brewer was hired by Defendant in or about March 1997. Since 2004, Brewer has been classified as a Grinder.

14. Brewer was employed without interruption until March 20, 2008, when Defendant terminated her employment.

15. In the twelve months immediately preceding March 20, 2008, Brewer had worked in excess of 1250 hours for the Defendant.

16. Brewer was diagnosed with Fibromyalgia in January of 2007. Fibromyalgia is a permanent condition that flares up from time to time. During a flare-up, the symptoms of Ms. Brewer's fibromyalgia substantially limits her ability to sleep, concentrate, work, and care for herself and others as compared to the average person.

17. Brewer applied for and was approved to utilize intermittent leave under the FMLA when incapacitated as a result of this serious health condition. Her most recent certification for her use of intermittent leave under the FMLA was submitted to the Defendant on or about January 28, 2008. Plaintiff's physician certified that Plaintiff may miss five to seven days per month due to a flare up of her Fibromyalgia or for office visits related to her condition.

18. Charlotte Boyd, Human Resources, administered Defendant's FMLA policy. In contravention of the FMLA's regulations, Boyd required Brewer to provide a physician's note each time she utilized her previously certified intermittent FMLA leave.

19. Plaintiff utilized her intermittent leave under the FMLA on March 10, 2008 through March 14, 2008.

20. Plaintiff provided sufficient notice to Defendant of her need and use of intermittent

leave on March 10, 2008 through March 14, 2008.

21. Nevertheless, Defendant terminated Plaintiff's employment on March 20, 2008 due to an alleged violation of Defendant's attendance policy. Specifically, Defendant counted Plaintiff's absences on March 10, 2008 through March 14, 2008 against Plaintiff under its "no fault" attendance policy.

22. Brewer did not violate Defendant's policy.

23. Furthermore, similarly-situated non-disabled individuals and/or non-FMLA-takers were not terminated for similar violations of Respondent's attendance policy.

### V. CAUSES OF ACTION

#### COUNT I: VIOLATION OF THE FMLA - INTERFERENCE

24. Brewer hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint.

25. Defendant unlawfully interfered with the exercise of Brewer's rights under the FMLA.

26. Defendant's actions were intentional, willful and in reckless disregard of Brewer's rights as protected by the FMLA.

27. Brewer suffered damages as a result of Defendant's unlawful actions.

#### COUNT II: VIOLATION OF THE FMLA - RETALIATION

28. Brewer hereby incorporates paragraphs one (1) through twenty-seven (27) of her Complaint.

29. Defendant unlawfully retaliated against Brewer for the exercise of her rights under the FMLA.

30. Defendant's actions were intentional, willful and in reckless disregard of Brewer's rights as protected by the FMLA.

31. Brewer suffered damages as a result of Defendant's unlawful actions.

### COUNT III: DISABILITY DISCRIMINATION

32. Brewer hereby incorporates paragraphs one (1) through thirty-one (31) of her Complaint.

33. Defendant's violated Brewer's rights by terminating her employment because of her disability.

34. Defendant's actions were intentional, willful and in reckless disregard of Brewer's rights as protected by the ADA and KRS 344.040..

35. Brewer has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Jennifer Brewer, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Liquidated damages;

5. Compensatory damages for Defendant's violations of the ADA and KCRA;

6. Punitive damages for Defendant's violation of the ADA;

7. All costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgment interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER & DUTKANYCH, LLC

By:  /s/ Andrew Dutkanych III
Andrew Dutkanych III, Attorney No. 91190
101 North Seventh Street
Louisville, KY 40202
Telephone:  (502) 561-3418
Facsimile:  (502) 561-3444
Email:  ad@bdlegal.com

Attorneys for Plaintiff, Jennifer Brewer

## DEMAND FOR JURY TRIAL

Plaintiff, Jennifer Brewer, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER & DUTKANYCH, LLC

By:  /s/ Andrew Dutkanych III
Andrew Dutkanych III, Attorney No. 91190
101 North Seventh Street
Louisville, KY 40202
Telephone:  (502) 561-3418
Facsimile:  (502) 561-3444
Email:  ad@bdlegal.com

Attorneys for Plaintiff, Jennifer Brewer